IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LISA JONES,

     Plaintiff,

v.                                  CASE NO. 5:11-cv-393-RS-GRJ

WILLIAM V. HUSFELT, III, in his official
capacity as the SUPERINTENDENT OF
BAY DISTRICT SCHOOLS; WILLIAM
V. HUSFELT, III, individually; TOMMYE
LOU RICHARDSON, individually; J. PHILLIP
CAMPBELL, individually; and ELIZABETH
PARKER, individually,

     Defendants.

_____/

## ORDER

     Before me are Defendant's Motion to Dismiss (Doc. 24) and Plaintiff's

Response (Doc. 29).

## Standard of Review

     In order to overcome a motion to dismiss, a plaintiff must allege sufficient

facts to state a claim to relief that is plausible on its face.  *See Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544 (2007).  Granting a motion to dismiss is appropriate if it is

clear that no relief could be granted under any set of facts that could be proven

consistent with the allegations of the complaint.  *Hishon v. King & Spalding,* 467

U.S. 69, 104 S. Ct. 2229, 2232 (1984).  I must construe all allegations in the

complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000)(citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

## <u>Background</u>

Plaintiff began working for Bay District School ("BDS") in 2002 and remained an employee for nine years.  Plaintiff alleges her contract was illegally non-renewed because of her close personal relationship with Thomas Parker—a co-worker of Plaintiff's husband, James Jones.  Plaintiff claims that there has been a close personal relationship between her family and Mr. Parker for approximately ten years.

During a fifteen-month period between November 2009 and January 2011 when Mr. Parker was separated from this wife, he lived with Plaintiff's family. Plaintiff claims that

> The extent of the relationship between the Plaintiff and Thomas Parker is extensive.  Not only did Thomas Parker live in the Plaintiff's residence, additionally he dined with the Jones family almost daily, went on vacation with the Jones family, monitored the Jones children while Plaintiff and her husband were absent, left an inoperable vehicle on the Jones property, attended the high-school graduation of one of the Jones children, and maintained the Jones residence as his permanent mailing address for purposes of important mail and for official purposes.

(Doc. 22).

Defendant Elizabeth Parker is an administrator with BDS and worked as an assistant to Defendant Husfelt, the Superintendent of BDS, for many years. Plaintiff alleges that Mrs. Parker did not like the relationship between Plaintiff and Mr. Parker and prompted the other Defendants to investigate the matter.  On December 17, 2010, Plaintiff was called to a meeting in Defendant Campbell's office with Defendant Richardson also present.  Plaintiff claims that she was interrogated about her connection and relationship with Mr. Parker.  According to Plaintiff, "Defendant Richardson inquired as to how Plaintiff knew Thomas Parker, and told Plaintiff that she should have no involvement with him and should stay away from him altogether."  (Doc. 22).

Plaintiff had not received negative reviews or feedback during her nine-year employment with BDS, but at the end of the 2010-2011 school year, her contract was not renewed.  Plaintiff applied for over seventy positions for which she was qualified, but was not hired.  Plaintiff believes her contract non-renewal and subsequent non-hire was in retaliation for exercising her First Amendment right of association.  Plaintiff filed a two-count amended complaint against Defendants under 42 U.S.C. § 1983 for First Amendment retaliation for association.

## <u>Analysis</u>

### *Intimate Association*

To recover under § 1983, Plaintiff must prove a violation of the United States Constitution or its laws.  42 U.S.C. § 1983.  Two forms of association are protected under the First Amendment: intimate association and expressive association.  *Roberts v. U.S. Jaycees*, 468 U.S. 609, 617-618 (1984).  Intimate association is at issue here.

> At a minimum, the right of intimate association encompasses the personal relationships that attend the creation and sustenance of a family—marriage, childbirth, the raising and education of children, and cohabitation with one's relatives.  Whether the right extends to other relationships depends on the extent to which those attachments share the qualities distinctive to family relationships, such as "relative smallness" and "seclusion from others in critical aspects of the relationship.

*McCabe v. Sharrett*, 12 F.3d 1558, 1563 (11th Cir. 1994).  Defendants contend that Plaintiff's relationship with Mr. Parker was simply a friendship, which would not be subject to First Amendment protection; and therefore, the case should be dismissed.

Defendants claim that this case analogous to *White v. Fla. Highway Patrol*, 928 F.Supp. 1153 (M.D. Fla. 1996).  In *White*, the plaintiff was a state trooper and took his personal vehicle for repairs to Spencer Gowdy, whom plaintiff knew to be a convicted felon.  *Id* at 1155.  It was then alleged that Gowdy used the vehicle without plaintiff's permission to sell crack to an undercover police officer.  *Id.* During the investigation, plaintiff was identified as a passenger in the vehicle during the drug transaction. *Id.*  Plaintiff alleged that Defendants "violated his right

to freedom of association by terminating him for associating with a family he had known since childhood." *Id.* at 1156. The court dismissed the claim for failing to meet the appropriate pleading standard for such a claim. *Id.* at 1158. The court said:

> This Court agrees with Defendants and finds once again that Plaintiff has failed to meet the pleading standard. Plaintiff merely states that he has known Gowdy's brother and the family since childhood. Plaintiff does not describe any details that assert that his association with the Gowdy family closely resembles a family relationship. Plaintiff also does not set forth any allegations that would permit this Court to extend this right to his association with the Gowdy family because he does not describe qualities distinctive to family relationships such as "relative smallness" and "seclusion from others in critical aspects of the relationship."

*Id.* (quoting *McCabe*, 12 F.3d at 1562-63).

Plaintiff contends that her case is distinguishable from *White* because she plead facts to show a family-like relationship with Mr. Parker. However, even when construing all of the facts in the amended complaint as true, the relationship between Plaintiff and Mr. Parker is still a platonic friendship. Non-familial relationships can qualify as a protected intimate relationship; however, platonic friendships rarely encompass the qualities distinctive to family relationships in order to do so.

The Eleventh Circuit has recognized dating as an "associational activity protected by the First Amendment." *Kicklighter v. Evans County School Dist.*, 968 F.Supp. 712 (S.D. Ga. 1997)(citing *Wilson v. Taylor,* 733 F.2d 1539, 1544 (11th

Cir. 1984)).  However, courts have consistently found that mere friendship is not a

sufficient basis for an intimate association claim protected by the First

Amendment.  *See City of Dallas v. Stanglin*, 490 U.S. 19 (1989)(finding that the

Constitution does not recognize a generalized right of "social association"); *Copp

v. Unified School Dist. No. 501*, 882 F.2d 1547, 1551 (10th Cir. 1989)(finding that

intimate associations involve family settings); *Grossart v. Dinaso*, 758 F.2d 1221,

1232 n. 16 (7th Cir. 1985)(holding that the right to associate does not include

emotional bonds between employees); *Rode v. Dellarciprete*, 845 F.2d 1195 (3rd

Cir. 1988)(concluding that an employee's relationship with her brother-in-law who

was also a "good friend" was not constitutionally protected).

Additionally, in *Asko v. Bartle*, "Bartle retaliated against Asko because of

his friendship and professional association with Wentz.  That form of

discrimination, assuming it existed, may be reprehensible, but it does not impair a

constitutional right." 762 F.Supp. 1229, 1232 (E.D.Pa. 1991).  Lastly, "courts in

the Second Circuit have not accepted intimate association claims based on

friendships, however close." *Silverstein v. Lawrence Union Free School District*,

2011 WL 1261122 (E.D.N.Y. 2011)(dismissing plaintiff's right of association

claim and concluding that a platonic friendship, "even a long standing one of great

intimacy," is not protected).  Therefore, Plaintiff's friendship with Mr. Parker is

not an intimate relationship constitutionally protected by the First Amendment freedom of association.

*Qualified Immunity*

Defendants also contend that Count II of Plaintiff's amended complaint against the individual defendants is barred by qualified immunity.  The doctrine of qualified immunity protects government officials from civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (citation omitted). This doctrine is intended to balance "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id*.

In *Saucier v. Katz,* 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001), the Supreme Court mandated a two-step process for lower courts to follow in resolving qualified immunity claims. First, the court had to decide whether the facts that the plaintiff alleged showed a violation of a constitutional right. *Id*. Second, if the plaintiff satisfied the first step, the court had to determine whether "the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson,* 129 S. Ct. at 816 (*quoting Saucier,* 533 U.S. at 201).

The Supreme Court revisited *Saucier's* mandatory two-step inquiry in *Pearson. Id.,* 129 S. Ct. at 815-18. The Court held that while the *Saucier* process is often appropriate, "it should no longer be regarded as mandatory." Rather, "[t]he judges of the district courts and the court of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 818.

Because Plaintiff's friendship with Mr. Parker is not protected by the First Amendment freedom of association, Defendants' actions did not violate a clearly established constitutional right.  Without a violation of a constitutional right, the claims against the individual Defendants are barred by qualified immunity.

<u>Conclusion</u>

Plaintiff's amended complaint fails to state a claim upon which relief can be granted, and therefore, the case is dismissed. The Clerk is direct to close the case.

**ORDERED** on April 13, 2012.

<u>**/s/ Richard Smoak**</u>
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**
